**George Bruce HALLING, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 31083.**

United States Court of Appeals, Fifth Circuit.

March 25, 1971.

---

* Rule 18, 5th Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5th Cir., 1970, 430 F.2d 966.

George Bruce Halling, pro se.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the denial, after an evidentiary hearing, of a motion to vacate a federal conviction and sentence, 28 U.S.C.A. § 2255 (1959). We affirm.[1]

Represented by court-appointed counsel, the appellant was convicted upon trial by jury of *selling* cocaine in violation of 26 U.S.C.A. §§ 4705(a) and 7237(b) (1967), and of being a *transferror* of marihuana in violation of 26 U.S.C.A. §§ 4742(a) and 7237(b) (1967). On direct appeal the judgment was affirmed. Halling v. United States, 405 F.2d 179 (5th Cir. 1968).

In this § 2255 proceeding Halling contends: (1) that he was mentally incompetent at the time of commission of the offense and at the time of trial; (2) his appointed counsel rendered constitutionally ineffective assistance; (3) perjured testimony was introduced by the government at his trial; (4) the government suppressed evidence favorable to him; (5) harsher punishment was imposed than if he had pled guilty; and (6) the convictions are invalid under Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

With regard to the last contention, *Leary* is inapplicable to the offenses for which Halling stands convicted. Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). Our examination of the record with reference to the appellant's first five assertions, reveals no error of law or fact in the careful and thoroughgoing proceedings conducted by the trial judge. We Affirm.[2]

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by F.R.A P. 31. Kimbrough v. Beto, 412 F.2d 981 (5th Cir. 1969).

2. See Local Rule 21. NLRB v. Amalgamated Clothing Workers, 430 F.2d 966 (5th Cir. 1970).